UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GEORGE W. WILSON, <br><br> Plaintiff, <br><br> v. <br><br> RON NEIL, <br><br> Defendant. | CAUSE NO. 3:22-CV-390-JD-MGG |

OPINION AND ORDER

George W. Wilson, a prisoner without a lawyer, filed a complaint seeking to recover monetary damages for the loss of his personal property. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Wilson alleges that, on June 24, 2021, his cell was shaken down. His jockstrap, knee brace, trial transcripts, and prison clothing was confiscated. He was not provided with a confiscation slip. The jockstrap and prison clothes were returned to Wilson, but the trial transcripts and knee brace were not returned. He seeks replacement of the trial transcripts and the costs associated with filing this lawsuit.

The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." But, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq*.) and other laws provide for state judicial review of property losses caused by government employees and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Even the destruction of legal materials is merely a property loss if the papers are replaceable. *Hossman v. Spradlin*, 812 F.2d 1019 (7th Cir. 1987). Furthermore, legal papers are not deemed irreplaceable merely because there is a cost associated with obtaining them. Trial transcripts are replaceable, albeit at a cost.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v.*

2

*Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on May 20, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT